KF:DKA
F. #2026R00123

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

NARINDER SINGH, and
JAWAHAR SINGH,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR ARREST WARRANT

(18 U.S.C. § 844(i))

Case No. 26-MJ-44

EASTERN DISTRICT OF NEW YORK, SS:

      DAVID LEIBOWITZ, being duly sworn, deposes and states that he is a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, duly appointed according to law and acting as such.

      On or about February 18, 2026, within the Eastern District of New York and elsewhere, the defendants NARINDER SINGH and JAWHAR SINGH did knowingly, intentionally, and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and one or more explosives, buildings and other real and personal property used in interstate and foreign commerce and in one or more activities affecting interstate and foreign commerce, to wit: a store located on 101st Avenue, in Queens, NY.

      (Title 18, United States Code, Section 844(i))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Fire Marshal with New York City Fire Department ("FDNY") and a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been a member of the FDNY since approximately 2005, and I have served as a Fire Marshal since approximately 2021. I am currently assigned to the FDNY Bureau of Fire Investigation's Special Investigations Unit, where I am tasked with investigating the origin and cause of fires in New York City. In this role, I have been involved in approximately 1,800 fire investigations. For the past approximately two-and-a-half years, I have also been a TFO with the ATF, and I am currently assigned to the Arson & Explosion Task Force, where I investigate major arsons and explosions and participate in federal arson investigations.

2. On or about February 18, 2026 at approximately 12:30 a.m., FDNY responded to a report of a large fire at a commercial print shop located on 101st Avenue, in Queens, NY (hereinafter, the "Print Shop").[2] FDNY officers responded to the scene and were able to extinguish the fire. The fire caused extensive damage to the Print Shop. Photographs of the damage that the fire caused are included below.

---

[1] Because the purpose of this complaint affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The term the "Print Shop," as used in this affidavit, includes both the print store that operated on 101st Avenue, in Queens, New York, as well as the store's corporate entity, through which the store operated its business.

3

 

3.       At the scene of the fire, FDNY officers interviewed the defendants NARINDER SINGH and JAWAHAR SINGH, who identified themselves as the operators of the Print Shop.   Photographs of NARINDER SINGH (left) and JAWAHAR SINGH (right), obtained from a law enforcement database, are included below.

 

4.       The defendant NARINDER SINGH is the father of the defendant JAWAHAR SINGH.   At the scene of the fire, JAWAHAR SINGH mentioned to FDNY officers ongoing proceedings relating to the possible eviction of the Print Shop from the premises, and

NARINDER SINGH stated that he had been in court earlier that day to discuss terms of the Print Shop's commercial lease of the premises.

5. Through a review of court documents, I have learned that between approximately June 2023 and February 2026, the owner of the building containing the Print Shop (hereinafter, the "Print Shop Landlord") was engaged in legal proceedings to evict the Print Shop from the premises.[3] Court documents show that the defendants NARINDER SINGH and JAWAHAR SINGH took active part in this litigation, filing multiple affidavits and attending multiple court hearings to oppose the potential eviction.

6. The eviction proceedings between the defendants NARINDER SINGH and JAWAHAR SINGH, on the one hand, and the Print Shop Landlord, on the other, were lengthy and acrimonious. In court documents, the Print Shop Landlord alleged that the Print Shop was a squatter, which had signed a fake and fraudulent lease to the premises that had not been authorized by the Print Shop Landlord. The Print Shop Landlord, in a court affidavit, also accused NARINDER SINGH personally of telling falsehoods to the court, including what the Print Shop Landlord called a "false and blatant lie" about whether the Print Shop Landlord had been invited to NARINDER SINGH's daughter's wedding.

7. For its part, the Print Shop filed multiple lawsuits in state court against the Print Shop Landlord, which included causes of action for fraudulent inducement, unjust enrichment, and breach of contract. In one affidavit, the defendant JAWAHAR SINGH alleged that the Print Shop Landlord had actually settled the eviction action with the Print Shop, by accepting a check for $8,000 and agreeing, in return, to discontinue the eviction proceedings.

---

[3] The term the "Print Shop Landlord," as used in this affidavit, refers both to the legal entity that owns the building where the Print Shop is located as well as the individual who is the manager of this entity.

JAWAHAR SINGH alleged that the Print Shop Landlord had refused to honor this agreement, by continuing to attempt to evict the Print Shop from the premises.

8. On or about February 17, 2026—the day before the fire at the Print Shop occured—the Print Shop filed a new, emergency action in state court, seeking a restraining order to stay the Print Shop's eviction, which was scheduled to proceed the next day, February 18, 2026. The state court held a hearing and denied the application for a stay that day, February 17, 2026.

9. Less than one day later, on or about February 18, 2026 at approximately 12:30 a.m., as stated above, FDNY officers observed a large fire damaging significant portions of the Print Shop. The eviction became final later that day, February 18, 2026.

10. At the scene of the fire, the defendant JAWAHAR SINGH stated to FDNY officers that the Print Shop contained internal video surveillance cameras. FDNY officers recovered a device from the Print Shop that contained video footage of the interior of the Print Shop before and during the fire. I have reviewed portions of this footage. The video footage shows, among other things[4]:

  a. On or about February 17, 2026, at approximately 8:10 p.m. (approximately four hours before the fire was reported), the defendants NARINDER SINGH and JAWAHAR SINGH stand in the Print Shop by a table that has a hotplate, a number of rolls of paper towels, and other items

---

[4] FDNY officers' review of this and the other video footage described in this affidavit is ongoing. Additionally, because this affidavit is intended to set forth only the facts necessary to establish probable cause to arrest, the affidavit summarizes only portions of the video footages, and is not a complete accounting of the footages' entireties.

6

on top of it.   NARINDER SINGH's and JAWAHAR SINGH's faces are clearly visible in the footage.   Screenshots of a portion of this footage are included below, showing NARINDER SINGH (left) and JAWAHAR SINGH (right).

 

    b.    NARINDER SINGH and JAWAHAR SINGH then move the table, with the hotplate and rolls of paper towels on top of it, to a different area within the Print Shop.   JAWAHAR SINGH plugs a long orange extension cord into a smart plug, which he plugs into an electrical outlet on the store's wall.[5]

    c.    Several minutes later, the camera again shows the table with the hotplate and rolls of paper towels.   One of the rolls of paper towels has been positioned on top of the hot plate, with four other rolls of paper towels

---

[5]    A smart plug is a power adapter that can be fitted between an electrical appliance and an electrical outlet on a wall, to enable a user to control the flow of power to that appliance through remote means (such as wi-fi or an app on a smartphone).

nearby. NARINDER SINGH and JAWAHAR SINGH then appear to leave the scene.

d. Approximately four hours later, on or about February 18, 2026 at approximately 12:30 a.m., the paper towel roll positioned on top of the hotplate catches fire. The fire then quickly spreads to the other paper towel rolls nearby and, later, to boxes and other items throughout the store. Screenshots of these portions of the video footage are included below.







11. On or about February 20, 2026, two days after the fire, FDNY officers conducted a search of the Print Shop. These officers recovered from the Print Shop the hotplate, the long orange extension cord, and the smart plug described above.

12. In addition, FDNY officers obtained exterior video surveillance footage from two stores adjacent to the Print Shop (hereinafter, "Neighbor Store 1" and "Neighbor Store 2"). The footage from Neighbor Store 1 shows individuals matching the appearance of the defendants NARINDER SINGH and JAWAHAR SINGH entering the Print Shop at multiple points in the hours prior to the fire, on or about February 17, 2026, and then leaving the scene. In this footage from Neighbor Store 1, no other person appears to enter or leave the Print Shop between the time that NARINDER SINGH and JAWAHAR SINGH left it and the time that the fire started.

13. As to the footage from Neighbor Store 2, it also shows the defendants NARINDER SINGH and JAWAHAR SINGH entering the Print Shop several hours before the fire started. The footage from Neighbor Store 2 shows no other person entering or leaving the Print Shop between the time that NARINDER SINGH and JAWAHAR SINGH left it and shortly before[6] the time that the fire started.

14. Based on my training and experience, I know that a hotplate can cause a large fire, particularly if flammable or combustible items such as paper towels are placed on top of and next to it. I also know from my review of the video footage of the interior of the Print Shop that the Print Shop contained multiple flammable or combustible materials, such as paper, posterboard, cardboard boxes, and other printing and packaging materials.

---

[6] The footage that FDNY officers obtained from Neighbor Store 2 appears to cut off approximately ten minutes prior to the time that the fire started.

15. Based on this information, I believe that the defendants NARINDER SINGH and JAWAHAR SINGH started the fire that damaged and destroyed parts of the Print Shop on or about February 18, 2026.

16. Prior to the fire, the Print Shop was an entity that operated in interstate and/or foreign commerce and that conducted activity affecting such commerce. Signs on the exterior of the Print Shop advertised that the Print Shop created and sold business cards, banners, signs, posters, awnings, decals, backdrops, and other items. From my training and experience, I know that these are items that typically are sold in, and use materials from, interstate and/or foreign commerce.

17. Based on the foregoing, I submit there is probable cause to believe that on or about February 18, 2026, the defendants NARINDER SINGH and JAWAHAR SINGH committed a violation of 18 U.S.C. § 844(i) (malicious use of fire or explosives to damage or destroy property used in interstate commerce).

WHEREFORE, I respectfully request that the defendants NARINDER SINGH and JAWAHAR SINGH be dealt with according to law.

I further request that the Court order that this application, including the affidavit and arrest warrant, be SEALED until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of these materials would seriously jeopardize the ongoing investigation, as such a disclosure would give the subjects of the investigation an

opportunity to change patterns of behavior, notify confederates, destroy evidence, and/or flee from prosecution.

                                                  _____
                                                  DAVID LEIBOWITZ
                                                  Task Force Officer
                                                  Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
 27 day of February, 2026

*Vera M. Scanlon*
_____
THE HONORABLE VERA M. SCANLON
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK